**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE ANDREW ROUNDSTONE,

Defendant - Appellant.

No. 10-30273

D.C. No. 1:08-cr-00066-TFH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Thomas F. Hogan, Senior District Judge, Presiding

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Dale Roundstone appeals from his conviction of kidnaping in violation of 18

U.S.C. § 1201(a)(2). He contends that the prosecution failed to present sufficient

evidence upon which a jury could find beyond a reasonable doubt that his alleged

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

victim was held against her will.[1]  We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

An appellate court "review[s] *de novo* the denial of [a] Rule 29 motion for

acquittal, but the test to be applied is the same as for a challenge to the sufficiency

of the evidence."  *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996) (second

alteration in original) (emphasis added) (quotation marks and citation omitted).

"Sufficiency of evidence is satisfied if 'after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.'"  *Id.* (emphasis in

original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  When a

reviewing court cannot conclude that a witness' testimony was "physically

impossible and simply could not have occurred as described," the reviewing court

must "conclude that a rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt."  *Bruce v. Terhune*, 376 F.3d 950, 958

(9th Cir. 2004) (citing *Jackson*, 443 U.S. at 319).

Roundstone contends that his conviction for kidnaping should be reversed

because the evidence was insufficient to demonstrate that he unlawfully seized the

---

[1] Roundstone was also convicted of assault resulting in serious bodily injury, but has not appealed from that conviction.  He was acquitted of aggravated sexual abuse.

alleged victim and held her against her will. We disagree.

The alleged victim testified that Roundstone pulled her into his truck by her hair and that she was unable to get away from him or get help from anyone all afternoon because "he was with [her] the whole time and made sure [she] wouldn't leave." Another witness for the prosecution testified that she saw Roundstone pull the alleged victim into his vehicle and heard her scream. The alleged victim further testified that Roundstone beat her for over two hours, denied her repeated requests to let her return to her sister's home, and kept his eye on her when they were in public together. She did not feel safe attempting to escape until she was able to pull the vehicle she was driving into a casino parking lot and run inside, screaming for help. Several other prosecution witnesses testified that they saw the alleged victim run into the casino that afternoon, screaming that Roundstone was trying to kill her. She was pursued by Roundstone, who "was yelling at her, and . . . was in a rage." This evidence was sufficient to demonstrate that Roundstone unlawfully seized and held the alleged victim against her will.

Roundstone has failed to demonstrate that the testimony relied upon by the jury was "physically impossible and simply could not have occurred as described." *Bruce*, 376 F.3d at 958. Accordingly, we conclude that the district court did not err in determining that there was sufficient evidence for a "rational trier of fact [to]

have found the essential elements of the crime [of kidnaping] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

**AFFIRMED.**